UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JERE MEDDAUGH,

    Plaintiff,

vs.

                                                    Case No.  23-cv-230

WOOD COUNTY DEPUTY JOHN
MATTHEWS, WOOD COUNTY,

    Defendants.

---

### JOINT RULE 26(f) REPORT ON DISCOVERY PLANNING CONFERENCE

---

    Pursuant to the Court's Standing Order for counsel to conduct a discovery conference and file a report, counsel for the parties conferred via telephone on ------. Plaintiff was represented by Attorney Lisa C. Goldman and defendants were represented by Attorney Timothy Johnson. As a result of the meeting, the parties report as follows:

1. **A concise statement of the nature of the case.** This is a civil rights case under 42 U.S.C. § 1983, seeking money damages for alleged false arrest / false imprisonment, use of excessive force by defendant law enforcement officer John Matthews against plaintiff Jere Meddaugh, and for a Monell Claim as to defendant Wood County for an incident that took place during the morning hours of April 26, 2020. The defendants have filed an Answer denying liability with respect to all claims asserted and asserting the defense of qualified immunity on behalf of the individual defendant officers.

2. **The names of any related cases.** The parties know of no cases pending related to this one.

3. **A specific statement of the material factual and legal issues to be resolved at trial.** The material factual and legal issues to be resolved at trial include whether the defendant officers' use

of force was objectively unreasonable in light of the facts and circumstances that confronted them at the time, whether Mr. Meddaugh was stopped and arrested without probable cause, and whether defendant Wood County acted with deliberate indifference to plaintiff's constitutional rights by inadequately training, supervising, and/or disciplining its officers. The parties dispute whether defendants are liable to plaintiff under 42 U.S.C. § 1983. Additional issues to be resolved include qualified immunity and damages.

4. **A description of any amendments to the pleadings that any party intends to make.** The parties do not anticipate the need for any amended pleadings at this time, but request that the preliminary pretrial order provide 40 days for amendments to pleadings, if any.

5. **The identity of any new parties to be added, including explanation as to why these parties must (or should) be added.** The parties do not anticipate adding new parties.

6. **The estimated trial length.** The parties estimate that 5-7 days will be needed for trial. Depending on the outcome of dispositive motions, the length of trial may be shorter. The parties further advise the court that, given the anticipated length of time needed for discovery, followed by the anticipated dispositive motion process, the parties estimate that the case will be ready for trial any time after December 30, 2024, with plaintiff's expert disclosures due in March 2024, defendants' expert disclosures due 45 days thereafter, and a proposed deadline for dispositive motions on June 30, 2024, with 30 days responsive deadline, and a discovery cutoff in October 2024.

7. **Any other matter affecting the just, speedy and inexpensive disposition of this case, or which the Court should take into account in setting the schedule**. In addition to the items discussed in paragraphs 1 through 6 above, which this Court's Order governing preliminary pretrial conferences requires, the parties also conferred regarding the following matters listed in F.

R. Civ. P. 26(f):

    **(a)**     **The possibility of promptly settling or resolving the case.** The parties agree to submit confidential settlement letters to the court as routinely required in this district and will consider utilizing the district's mediation services upon completion of sufficient discovery to make mediation meaningful.

    **(b)**     **Disclosures under Fed. R. Civ. P. 26(a)(1).** The parties shall submit their Initial Disclosures under Rule 26(a)(1) within fourteen days after the preliminary pretrial conference. The parties request no change in the form of the disclosures.

    **(c)**     **Preserving discoverable information.** The parties do not anticipate any issues with preservation of discoverable information.

    **(d)**     **Discovery plan.**

        **i.**     **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues?**

At this point, the parties are unaware of any specific limits on the subjects on which discovery may be needed, other than being limited to the issues raised in the complaint and/or answer and affirmative defenses. Nor are the parties aware of any changes that need to be made with respect to discovery limitations. If it becomes apparent that any such limitations or changes are necessary, the parties anticipate that an agreement can be reached between counsel.

        **ii.**     **Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

The parties agree that to the extent discovery in this case includes the production of electronically stored information, they will discuss and seek agreement on protocols with respect to the

identification, review, and production of electronically stored information as necessary.

      iii.      **Any issues about claims or privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the Court to include their agreement in an order.**

The parties propose that any privilege logs will be served simultaneously with written responses and/or objections to document production.

      iv.      **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed?**    None.

      v.      **Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

The parties propose that the briefing schedule on dispositive motions should provide that any party opposing a dispositive motion has 30 days to respond and the moving party has 21 days to reply.

      vi.      **Service by email and electronic copies.**

The parties agree that service by electronic means shall be allowed as set forth in Fed. R. Civ. P. 5(b)(2)(E) and that such service shall be considered personal service under the Federal Rules and complete upon transmission, such that three days are not added to the response deadline under Fed. R. Civ. P. 6(d), provided that the sender does not receive any indication that such electronic transmission was unsuccessful and that transmission occurred before midnight Central Time. Service on the Plaintiff will be made to at least Attorney Lisa C. Goldman (lgoldman@daveygoldman.com) and adelzer@daveygoldman.com and rrichter@daveygoldman.com, legal assistants (Alice Delzer and Rita Richter). Service on the Defendants will be made to at least Attorney Timothy Johnson ( Johnson, Timothy M. <TJohnson@CrivelloCarlson.com>). The parties agree that copies of all written discovery requests shall be provided in editable form (e.g., in Microsoft Word).

Respectfully submitted May 8, 2023,

        DAVEY & GOLDMAN
        <u>By</u>
        <u>*/s/ Lisa C. Goldman*</u>
        Lisa C. Goldman, #1029893
        5609 Medical Circle, Suite 101
        P.O. Box 0063
        Madison, WI 53701
        (608) 630-9700
        lgoldman@daveygoldman.com
        *Attorneys for Plaintiff*

        Crivello Carlson, S.C.
        By
        <u>*/s/Timothy M. Johnson*</u>
        Timothy M. Johnson
        SBN: 1052888
        7 South Dewey St., Suite 120
        Eau Claire, WI 54701
        (715)598-1730
        tjohnson@crivellocarlson.com
        *Attorneys for Defendants*