IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JERE MEDDAUGH,

                        Plaintiff,                              OPINION AND ORDER

        v.
                                                                23-cv-230-wmc
WOOD COUNTY DEPUTY
JOHN MATTHEWS,

                        Defendant.

This lawsuit arises out of a stop and arrest that occurred in the City of Wisconsin Rapids during the early morning hours of April 26, 2020.  Plaintiff Jere Meddaugh initially claimed that defendant Wood County Deputy John Matthews stopped him without reasonable suspicion and used excessive force during the ensuing arrest.  After summary judgment, the only claim turns on whether or not defendant Matthews used excessive force during plaintiff's arrest in violation of his Fourth Amendment rights.  Plaintiff seeks compensatory and punitive damages.  The case is scheduled for a jury trial on September 16, 2024, with a final pretrial conference ("FPTC") on September 5, 2024, at 2:30 p.m. In advance of the FPTC, the court addresses below the parties' motions in limine, the trial exhibits, the proposed voir dire questions, and proposed jury instructions.

OPINION

## I.  Motions in Limine

Plaintiff has filed nine motions in limine and the defendant has filed ten.  The court addresses all of the pending motions in limine below for discussion at the FPTC, beginning with the motions filed by plaintiff.

**A. Plaintiff's Motion in Limine #1 (dkt. #56) – Police Reports**

Plaintiff moves to preclude defendant from introducing into evidence any police reports on the grounds that they contain hearsay and are both unreliable and untrustworthy.  (Dkt. #56.)  Defendant objects on the grounds that police reports may be used under Federal Rule of Evidence 803(5) to refresh the recollection of events for witnesses who are testifying about those events.  (Dkt. #87, at 1.)  Defendant notes further that police reports may be admitted under the exception to the hearsay rule for public records "to the extent to which they incorporate firsthand observations of the officer." *Jordan v. Binns*, 712 F.3d 1123, 1133 (7th Cir. 2013) (quoting Fed. R. Evid. 803(8) advisory committee's note).  Of course, use of police reports to refresh a witness's recollection (or for that matter to impeach) does not put the reports themselves in evidence.  So, although the court will RESERVE ruling on this motion for further discussion at the FPTC, the reports are out unless either side can offer a specific exception to the prohibition on the use of hearsay.

**B. Plaintiff's Motion in Limine #2 (dkt. #57) – Contents of Backpack**

After plaintiff was arrested, officers recovered several small bags containing methamphetamine, which resulted in charges of possession with intent to distribute a controlled substance.  Plaintiff moves to preclude defendant from introducing testimony and evidence about the search of his backpack, including video evidence that displays the search, as irrelevant and prejudicial.  (Dkt. #57.)  Defendant objects that evidence regarding the contents of plaintiff's backpack is relevant to showing plaintiff's motivation to resist and attempt to flee during the arrest, which is a circumstance the jury *may* consider

2

when evaluating whether the force used was objectively reasonable under the circumstances.  (Dkt. #87, at 2-3.)  Then the question is whether a curative instruction can be provided to outweigh the obvious, prejudicial impact of that evidence if the benefit of hindsight were given the officer.

While the only relevant injury in a use-of-force case under the Fourth Amendment is "whether the [defendant's] actions [were] objectively reasonable in light of the facts and circumstances confronting [him]," *Graham v. Connor*, 490 U.S. 386, 397 (1989), the amount of permissible force depends upon the specific situation, including "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."  *Id*. at 396; *Smith v. Ball State Univ*., 295 F.3d 763, 770 (7th Cir. 2002). Whether plaintiff was later charged with a crime based on evidence that was only uncovered after a use of force is completed is not relevant to whether the force was reasonable.  Accordingly, the court will RESERVE for further argument at the FPTC on whether to exclude evidence of the search of plaintiff's backpack and any evidence found inside.[1]

## C. Plaintiff's Motion in Limine #3 (dkt. #59) – Commendations and Awards

Plaintiff moves to preclude evidence and testimony concerning whether defendant

---

[1] In addition, defendant argues further that evidence about the contents of his backpack would be admissible to impeach any testimony *from plaintiff* that he was doing nothing wrong on the day in question.  (Dkt. #87, at 3.)  Should plaintiff foolishly open the door, the court agrees that evidence of drugs in plaintiff's possession may be used to impeach, but counsel if strongly advised to address that possibility at sidebar if this evidence is otherwise excluded or admitted under a cautionary instruction.

Matthews received commendations, awards, or promotions while working for the Wood County Sheriff's Office.  (Dkt. #59.)  Defendant does not oppose this motion in limine with the exception that defendant and other police witnesses be allowed to testify about any training, certifications, or other achievements that are relevant to their credibility or experience as it relates to the use-of-force issue presented here.  (Dkt. #87, at 3.)  Subject to this exception, therefore, plaintiff's motion in limine #3 is GRANTED.

### D.  Plaintiff's Motion in Limine #4 (dkt. #60) – Prior Arrests Not Resulting in Convictions

Plaintiff moves to preclude defendant from introducing evidence and testimony about whether plaintiff was previously arrested when those arrests did not result in any conviction.  (Dkt. #60.)  Defendant does not object to or oppose this motion other than potentially using prior arrests for purposes of impeachment.  (Dkt. #87, at 3.)  Because this seems unlikely, plaintiff's motion in limine #4 is also GRANTED unless defendant establishes at sidebar that plaintiff has somehow opened the door.

### E.  Plaintiff's Motion in Limine #5 (dkt. #61) – Character Evidence

Plaintiff moves to preclude defendant from introducing evidence related to his character that defendant did not learn about until after the use of force occurred.  (Dkt. #61.)  Specifically, plaintiff contends that defendant should not be allowed to present evidence showing that he already had outstanding warrants and prior convictions at the time of the use-of-force incident unless known to defendant at that time.  (*Id.*)  The Seventh Circuit has held that knowledge and evidence gained after a use of force has

occurred is not admissible in an excessive force case.  *See Palmquist v. Selvik*, 111 F.3d 1332, 1339-40 (7th Cir. 1997) ("[W]hen considering a charge of excessive force under the Fourth Amendment, evidence outside the time frame of the shooting is irrelevant and prejudicial.") (citing *Sherrod v. Berry*, 856 F.2d 802 (7th Cir. 1988) (en banc)).

Similar to the objection raised to plaintiff's motion in limine #2, defendant argues that evidence regarding whether plaintiff had warrants and prior convictions is relevant to why plaintiff may have resisted and attempted to flee during the arrest, which is a circumstance the jury could consider when evaluating whether the force used was objectively reasonable under the circumstances.  (Dkt. #87, at 4.)  The court finds this evidence likely to be too prejudicial even with a cautionary instruction as to its proper use, except for admissible evidence of actual convictions and then only as proof of plaintiff's character for truthfulness under Fed. R. Evid. 609.  Still, the court will RESERVE its final ruling for further discussion at the FPTC.

### F.  Plaintiff's Motion in Limine #6 (dkt. #63) – Causation

Plaintiff next moves to preclude evidence or testimony that he *caused* the use-of-force incident and his injuries by refusing to identify himself when asked by defendant. (Dkt. #63.)  Arguing that contributory negligence is not a defense to liability, plaintiff contends that testimony about whether force was warranted after he refused to provide his last name and attempted to leave on his bicycle is irrelevant and inadmissible under Federal Rules of Evidence 401 and 403.  (*Id*. at 2.)

Defendant argues that this motion in limine should be denied because the facts leading up to the arrest and plaintiff's overall behavior *are* relevant.  *See Graham*, 490 U.S.

at 397 ("the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them").  The court agrees with defendant and, therefore, plaintiff's motion in limine #6 is DENIED.

### G. Plaintiff's Motion in Limine #7 (dkt. #64) – Plaintiff's Drug Use

Plaintiff moves to preclude defendant from introducing evidence of his drug usage as prohibited by Fed. R. Evid. 404(b).  (Dkt. #64.)  Defendant opposes that motion, stating that he does not intend to argue that plaintiff was under the influence of drugs at the time the use of force occurred, except to argue plaintiff's ability to recollect the events may have been diminished by drug use.  (Dkt. #87, at 6-7.)  Defendant argues further that evidence of drug usage may be admissible to challenge plaintiff's credibility if he were to open the door by testifying that he has never used or possessed drugs.  (*Id.* at 7.)

Evidence that a witness has used illegal drugs may be probative and is relevant where memory or mental capacity of the witness is "legitimately at issue."  *United States v. Robinson*, 956 F.2d 1388, 1397 (7th Cir. 1992) (citing *United States v. Cameron*, 814 F.2d 403, 405 (7th Cir. 1987)); *see also Lewis v. City of Chicago*, No. 04C3904, 2005 WL 8178978, at *14 (N.D. Ill. June 27, 2005) (discussing *Robinson* and allowing evidence of prior drug use in a police use of force case).  However, "evidence that a witness has used illegal drugs may so prejudice the jury that it will excessively discount the witness' testimony." *Robinson*, 956 F.2d at 1397 (citing Fed. R. Evid. 403).  Thus, a district court may bar cross-examination about a witness's illegal drug use when it is used "for the sole purpose of making a general character attack."  *Robinson*, 956 F.2d at 1397.  To guard against the possibility of unfair prejudice to plaintiff, the court RESERVES ruling on this

motion in limine pending further discussion at the FPTC as to relevance, prejudice, impeachment, and plaintiff's possible opening of the door.

### H. Plaintiff's Motion in Limine #8 (dkt. #65) – Sequestering Witnesses

Plaintiff asks the court to sequester all witnesses during trial (dkt. #65) and defendant does not oppose the motion.  Since this is the court's standard practice should either side request it, the plaintiff's motion in limine #8 is GRANTED.

### I. Plaintiff's Motion in Limine #9 (dkt. #70) – Experts

Plaintiff moves to strike any expert witness proffered by defendant because none were named before the disclosure deadline.  (Dkt. #70.)  Defendant does not oppose the motion, stating that he does not intend to call any expert witnesses to testify at this time. (Dkt. #87, at 7.)  Thus, plaintiff's motion in limine #9 is also GRANTED.

### J. Defendant's Motion in Limine #1 (dkt. #67) – Golden Rule

Defendant asks that the court preclude any "Golden Rule" type argument by plaintiff, asking jurors to place themselves in plaintiff's shoes.  (Dkt. #67.)  Since it is well established that this type of argument is improper, *United States v. Roman*, 492 F.3d 803, 805 (7th Cir. 2007), and plaintiff has no objection to the motion (dkt. #99), the court GRANTS the motion except to note that it is wholly unnecessary.

### K. Defendant's Motion in Limine #2 (dkt. #68) – Sequestering Witnesses

Defendant also asks the court to sequester all non-party witnesses during trial (dkt. #68), which has already been GRANTED by virtue of plaintiff's similar motion (dkt. #98).

7

**L. Defendant's Motion in Limine #3 (dkt. #69) – Plaintiff's Prior Convictions**

Defendant asks the court to admit evidence of plaintiff's past convictions under Federal Rule of Evidence 609 as follows: (1) *State of Wisconsin v. Jere J. Meddaugh*, Wood County Case No. 2010-CF-000254, one count possession of THC (2nd+ offense), Class I Felony, Wis. Stat. § 961.41(3g)(e) [modifier: repeater, Wis. Stat. § 939.62(1)(b)], entered on November 30, 2010; and (2) *State of Wisconsin v. Jere J. Meddaugh*, Wood County Case No. 2007-CM-00762, involving one count of possession of a controlled substance, Class U Misdemeanor, Wis. Stat. § 961.41(3g)(b); and one count of possession/illegally obtained prescriptions, Class U misdemeanor, Wis. Stat. § 450.11(7)(h), entered on December 10, 2007. (Dkt. #69, at 1.)

Unless more than 10 years have passed since the conviction, prior criminal convictions that are "punishable by death or by imprisonment for more than one year" are admissible to attack a witness's character for truthfulness or for purposes of impeachment under Rule 609. That evidence may, however, be excludable under Rule 403 "if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

Plaintiff opposes the motion. (Dkt. #101.) Since *none* of the convictions appear to meet the basic requirements of Rule 609, defendant's motion in limine #3 is DENIED unless defendant can make a further proffer at the FPTC, and even then, subject to limitation if unduly prejudicial.

**M. Defendant's Motion in Limine #4 (dkt. #71) – Dismissed Claims**

Defendant moves to preclude evidence relating to the claims dismissed previously on summary judgment, regarding plaintiff's allegation that he was subjected to false arrest. (Dkt. #71.)  Plaintiff opposes the motion on the grounds that, when ruling on the parties' motions for summary judgment, the court found defendant Matthews acted unlawfully but was entitled to qualified immunity.  (Dkt. #100.)  Accordingly, plaintiff argues that he is entitled to present evidence that Matthews lacked a reasonable suspicion for the initial stop or probable cause to make an arrest on the night in question.  (*Id*. at 2.)  Absent the opportunity to present this evidence, plaintiff contends that the jury may mistakenly assume that defendant Matthews' actions *were* lawful.  (*Id*.)

Defendant filed this motion before the court issued its order on summary judgment. (Dkt. #81.)  Regardless, the court RESERVES a ruling at this time but will consider further argument from both sides at the FPTC.

**N. Defendant's Motion in Limine #5 (dkt. #72) – Evidence of Damages (part one)**

Defendant moves to preclude evidence relating to damages that have not been itemized, noting that plaintiff has failed to respond to discovery requests seeking an itemization of damages.  (Dkt. #72.)  Plaintiff acknowledges that he has not provided an itemized summary of his lost wages, arguing that he is not required to do so.  (Dkt. #92.) Plaintiff states that he has provided defendants with information about his salary and work history before the use of force occurred, noting further that he testified during his deposition about his injuries and their effect on his ability to work.    Plaintiff indicates

that he intends to rely on his own testimony on the issue of damages.  Plaintiff is entitled to testify to the pain and emotional suffering he experienced as a result of the claimed excessive force.  *See Cyrus v. Town of Mukwonago*, 624 F.3d 856, 865 (7th Cir. 2010).  Accordingly, this motion is DENIED.

### O.  Defendant's Motion in Limine #6 (dkt. #73) – Evidence of Damages (part two)

Defendant moves to preclude plaintiff from presenting or eliciting opinion testimony from any witnesses regarding medical or mental health care that does not rise to the level of medical certainty or causation.  (Dkt. #73.)  This motion is GRANTED, subject to the caveat that, as discussed above, plaintiff is entitled to testify about any pain and emotional suffering he experienced if its onset was near in time to the claimed excessive use of force, understanding that this may open the door for impeachment as to other, possible underlying causes for that pain and suffering.

### P.  Defendant's Motion in Limine #7 (dkt. #74) – Insurance Coverage

Defendant moves to preclude plaintiff from presenting evidence or testimony regarding whether he has insurance coverage.  (Dkt. #74.)  Plaintiff does not object to this motion.  (Dkt. #96.)  Therefore, the motion is GRANTED unless defendant should open the door.

### Q.  Defendant's Motion in Limine #8 (dkt. #75) – Same Circumstances

Defendant moves to preclude plaintiff from presenting evidence or testimony, from any witnesses, about what they would or would not have done if confronted with the same

circumstances confronting him, on relevance grounds.  (Dkt. #75.)  Plaintiff does not oppose the motion but argues that a similar ruling should apply to all witnesses, including defense witnesses.  (Dkt. #95.)  The court RESERVES a ruling on this motion for discussion during the FPTC.

### R.  Defendant's Motion in Limine #9 (dkt. #77) – Documents Not Produced

Defendant moves to preclude plaintiff from presenting, offering or referring to documents not previously produced, pointing to plaintiff's failure to answer or produce documents in response to defendant's First Set of Interrogatories and Requests for Production.  (Dkt. #77.)  Plaintiff does not oppose the motion, subject to his response to defendant's motion in limine #5, concerning evidence of damages that were not itemized during discovery.  (Dkt. #93.)  The motion is GRANTED to the extent that either side seeks to introduce any previously undisclosed documents subject to production under Federal Rules of Civil Procedure 26 and 37.  This ruling does not preclude plaintiff or defendant from raising arguments in response to objections to specific exhibits.   In addition, *any* discussion as to untimely disclosure will take place outside the presence of the jury.

### S.  Defendant's Motion in Limine #10 (dkt. #78) – Underlying Conviction

Defendant moves to preclude plaintiff from presenting evidence or testimony that was presented during his underlying criminal proceeding, which resulted in his conviction for possession of a controlled substance in *State of Wisconsin v. Jere Meddaugh*, Wood County Case No. 2020CF00313.  (Dkt. #78.)  Defendant reasons that the issues present during

that criminal case differ from those that will be decided by the jury in this one, which should be allowed to reach a decision based on the evidence before it rather than on evidence that was given during state court criminal proceedings.  (*Id*. at 1-2.)

Plaintiff opposes the motion, arguing that the suppression hearing transcript and the preliminary hearing transcripts should be available for impeachment purposes because defendant Matthews testified at each proceeding.  (Dkt. #94, at 1.)  Plaintiff also states that he does not intend to introduce evidence of any state court decision.  (*Id*. at 2.)  He does, however, intend to offer testimony in support of his request for damages that it was difficult to receive adequate medical care for his injuries while in custody.  (*Id*.)  The court RESERVES a ruling on this motion but will discuss it further at the FPTC.

## II.  Trial Exhibits, Voir Dire, and Jury Instructions

Both parties have submitted exhibit lists.  (Dkt. #50-1; Dkt. #102.)  Defendant has filed objections to certain exhibits.  (Dkt. #86.)  Any objections to the parties' respective trial exhibits will be addressed at the FPTC, or at least any for which an objection remains.  **This requires both sides to have filed their exhibits in Box.com *before* the FPTC.**  Any questions as to how to file the exhibits should be directed to the Clerk's Office.

In addition, both parties have submitted proposed voir dire questions and jury instructions.  (Dkt. #49; Dkt. #51; Dkt. ##53-54;  Dkt. #58; Dkt. #76.)  The court has reviewed the parties' submissions and will share copies of its voir dire, opening remarks, jury instructions, and verdict form before the FPTC, where the parties will have a chance to discuss any further necessary changes.

ORDER

IT IS ORDERED that:

1) Plaintiff's motions in limine (dkts. ##56, 57, 59, 60, 61, 63, 64, 65, 70) are GRANTED, DENIED, or RESERVED as set forth above.

2) Defendant's motions in limine (dkts. ##67, 68, 69, 71, 72, 73, 74, 75, 77, 78) are GRANTED, DENIED, or RESERVED as set forth above.

3) The parties should be prepared to address the court's rulings on the parties' motions in limine, admissibility of trial exhibits and proposed voir dire, jury instructions and special verdict at the FPTC.

Entered this 3rd day of September, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

13