No. 24-2759

JERE MEDDAUGH,

                           Plaintiff-Appellee,

v.

WOOD COUNTY DEPUTY JOHN MATTHEWS,

                           Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Wisconsin
Case No. 23-cv-230-wmc
The Honorable William M. Conley

## SEVENTH CIRCUIT RULE 3(c) DOCKETING STATEMENT

Defendant-Appellant Wood County Deputy John Matthews, by his attorney, CRIVELLO, NICHOLS & HALL, S.C., by Attorney Kiley Zellner, respectfully submits this Docketing Statement pursuant to Circuit Rule 3(c)(1) of the United States Court of Appeals for the Seventh Circuit.

This is an appeal from a partial denial of a Rule 56(a) Motion for Summary Judgment which was entered on September 23, 2024, by the district court. The underlying action was brought pursuant to 42 U.S.C. § 1983, alleging a violation of the Fourth Amendment of the United States Constitution and excessive force by Defendant Matthews with *Monell* claims and a claim for indemnification alleged against Wood County. On August 14, 2024, the district court granted Matthews qualified immunity for the Fourth Amendment claim of unlawful stop. Then on September 23, 2024, the district court sua sponte reversed its previous grant of qualified immunity for the stop. The Notice of Appeal was filed on October 3, 2024.

Statutory authority for appellate jurisdiction is found generally in 28 U.S.C. § 1291 and 28 U.S.C. § 1294. The district court originally found that Matthews was entitled to qualified immunity on the question of whether he unlawfully stopped Plaintiff, in violation of the Fourth Amendment to the United States Constitution. Originally, the district court held:

> Deputy Matthews had arguable reasonable suspicion at that time to initially detain and question Meddaugh under *Terry*. Accordingly, **Deputy Matthews is entitled to qualified immunity for reasonably, though mistakenly, conducting a *Terry* stop** when he encountered Meddaugh dressed in all black coming from behind the school after midnight and refusing to stop.

(ECF No. 81 at 1, 22). The district court's September 23, 2024, Order reversing the grant of qualified immunity as to the stop stated:

> However, the court does find that there are sufficient disputed facts about whether the officer's first interaction with Meddaugh was in the nature of a consensual encounter or an initial stop, which are likely to be better understood and decided in the context of a full trial of the evidence, making any grant of qualified immunity premature until a full examination of the evidence at trial. (Dkt. 120, p. 3)
>
> The court is convinced that if the jury were to credit fully plaintiff's version of the parties' initial interaction as a stop, rather than an initial, voluntary encounter, then qualified immunity may not apply to Matthew's conduct from the outset. (Dkt. 120, p. 1)

Whether qualified immunity applies turns on two questions: first, whether the facts presented, taken in the light most favorable to the plaintiff, describe a violation of a constitutional right; and second, whether the federal right at issue was clearly established at the time of the alleged violation. *Tolan v. Cotton*, 572 U.S. 650, 655–56, 134 S.Ct. 1861, 188 L.Ed.2d 895 (2014) (per curiam). "If either inquiry is answered in the negative, the defendant official is protected by qualified immunity." *Koh v. Ustich*, 933 F.3d 836, 844 (7th Cir. 2019)

For the first part, while the district court cites "disputed facts" about whether the first interaction was a consensual encounter or a *Terry* stop, yet the district court previously granted

2

qualified immunity based on a *Terry* stop. Had the encounter been consensual, arguable reasonable suspicion was not required. Moreover, in the qualified immunity decision, the district court phrased the test as what a jury could find, rather than making a judicial determination. But qualified immunity "is a matter of law for the court." *Riccardo v. Rausch*, 375 F.3d 521, 526 (7th Cir. 2004). "The question of a defendant's qualified immunity is a question of law for the court, not a jury question." *Warlick v. Cross*, 969 F.2d 303, 305 (7th Cir. 1992).

For the second part, the district court affirmed it was "*not* deciding that Deputy Matthews' decision to initiate an investigatory stop is sufficiently on all fours with *Brown v. Texas*, 443 U.S. 47 (1979)." (Dkt. 120, p. 3) As such, the district court was not holding that the federal right at issue was clearly established. Because the facts regarding the stop are not reasonably in dispute, under precedent in this Court and the United States Supreme Court, the denial of qualified immunity is immediately appealable.

The denial of qualified immunity is a "final" order in that it denies a defendant's right to not stand trial on this issue. As a result, the decision cannot be reviewed after trial, because by that time, the right would have been lost. The denial of qualified immunity is considered separate from the merits of the underlying action because this Court would not be faced with the question of the denial of qualified immunity again following trial. *See, e.g., Behrens v. Pelletier*, 516 U.S. 299, 315 (1996) (holding that the denial of summary judgment on grounds of qualified immunity is immediately appealable).

In the district court, Defendants' Motion for Summary Judgment sought the dismissal of all claims against them based upon qualified immunity and on the merits. This Motion was denied as it relates to Plaintiff's-Appellee's claim for excessive force and later the initial stop. At

3

summary judgment, Matthews argued that he was entitled to qualified immunity because there was no violation of the Plaintiff-Appellee's rights under the Fourth Amendment and the federal right at issue (the stop) was not clearly established. These arguments were rejected by the district court on the claims related to excessive force and the stop. Those claims remain pending. The Defendant-Appellant appeals the denial of qualified immunity on the initial stop of Plaintiff.

Dated this 10th day of October, 2024.

By: *s/ Kiley B. Zellner*
SAMUEL C. HALL, JR.
State Bar No: 1045476
KEVIN R. LANDGRAF
State Bar No: 1129261
KILEY B. ZELLNER
State Bar No: 1056806
CRIVELLO, NICHOLS & HALL, S.C.
Attorneys for Defendant Deputy John J. Matthews
710 North Plankinton Ave., Suite 500
Milwaukee, Wisconsin 53203
Phone: 414.271.7722
Fax: 414.271.4438
Email: shall@crivellolaw.com
klandgraf@crivellolaw.com
kzellner@crivellolaw.com